# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) Case No. 3:26-bk-00316 |
| Paladin Capital, Inc., et al., | ) Chapter 11 |
| | ) Judge Walker |
| Debtors. | ) (Joint Administration requested)[1] |

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are:

Paladin Capital, Inc., Tax ID No. 4643; Case No. 26-00316
Quickway Logistics, Inc. Tax ID No. 7203; Case No. 26-00317
Quickway Carriers, Inc. Tax ID No. 7407; Case No. 26-00318
Quickway Services, Inc.; Tax ID No. 5961; Case No. 26-00319
Quickway Transportation, Inc.; Tax ID No. 3641; Case No. 26-00320
CCL Permitting, LLC ; Tax ID No. 5040; Case No. 26-00321
Capital City Leasing, Inc.; Tax ID No. 6470; Case No. 26-00322
Freight Contracting Services, LLC; Tax ID No. 3451; Case No. 26-00323
Volunteer Express, Inc.; Tax ID No. 6655; Case No. 26-00324
Robert Bearden, Inc.; Tax ID No. 4734; Case No. 26-00325
Dolphin Line, Inc.; Tax ID No. 3809; Case No. 26-00326
K&L, LLC; Tax ID No. 8899; Case No. 26-00327
RC Trailer Sales & Service Company, Inc.; Tax ID No. 2132; Case No. 26-00328
RC Enterprises, LLC; Tax ID No. 7546; Case No. 26-00329
SNL Distributing Services Corp.; Tax ID No. 9555; Case No. 26-00330
Central Logistics, Inc.; Tax ID No. 4983; Case No. 26-00331
L Street Ventures Inc. Tax ID No. 3365; Case No. 26-00332
Magnum Express. Inc.; Tax ID No. 3469; Case No. 26-00333
Magnum Logistics, Inc.; Tax ID No. 8986    26-00334
Magnum Warehouse Services, LLC   9542; Case No. 26-00335
SG Express, Inc.; Tax ID No. 6635; Case No. 26-00336
Wildhorse Fleet Services, LLC; Tax ID No. 0058; Case No. 26-00337
Sutherland National Insurance Company, LLC; Tax ID No. 3270; Case No. 26-00338
QW Leasing; Tax ID No. 2083; Case No. 26-00339; and
Nacarato Truck Leasing, WE#2, Inc.; Tax ID No. 0984; 26-00340

Debtors are respectfully requesting that all filings except proofs of claim should be filed in the lead case of Paladin Capital, Inc. Further, Debtors are requesting that proofs of claim be filed under the case number of the Debtor(s) alleged to owe the debt.

## DEBTORS' EXPEDITED MOTION FOR JOINT ADMINISTRATION

1. Pursuant to Federal Rule of Bankruptcy Procedure 1015(b)(4) and LBR 2081-1(e) and 9075-1, Debtors request that the Court order that these cases be jointly administered for procedural purposes only. Further, pursuant to section 105(a) of the Bankruptcy Code, Debtors request that the Court waive the requirement that the captions list the Debtors' tax identification numbers and addresses.

2. *Expedited Relief Requested.* The Debtors request the Court enter an order on an expedited basis substantially in the form of the Proposed Order providing for the joint administration of the Chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these Chapter 11 cases list the Debtors' tax identification numbers and addresses.

3. *Basis for Urgency.* This Motion must be considered on an expedited basis because of the first day pleadings and motions to be filed and other documents that will be filed in the immediate days following the Petition Date. The Debtors constitute twenty-five (25) corporations and limited liability companies who are affiliates and/or subsidiaries, and have common creditors, including Truist Bank and other lenders/vendors. Joint Administration will significantly ease the administrative burden, promote judicial economy, and avoid duplicative filings.

4. *Notice.* This motion will be served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via

Case 3:26-bk-00316    Doc 6    Filed 01/26/26    Entered 01/26/26 18:42:22    Desc Main
Document    Page 2 of 6

email, (iii) the 30 largest creditors on a consolidated basis, and via email if available. On January 26, 2026 Debtors' counsel informed the Office of the United States Trustee of the first day motions that would be filed in these cases.

5. _Suggested Hearing Date_. The Debtors respectfully request, subject to the Court's availability, a hearing date of Thursday January 29, 2026 at 1:00 p.m. The Debtors have consulted with the United States Trustee's Office concerning this hearing date and time.

6. _Supporting Argument_. The Debtors support this motion as set forth below.

7. Debtors seek entry of an order consolidating the Debtors' Chapter 11 cases for procedural purposes only and waiving the requirement that the Debtors' caption contain tax identification numbers.

8. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same Court involving a debtor and its affiliates, the Court may order joint administration of the estates of the debtor and such affiliates.

9. Joint administration of the Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' Chapter 11 cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. This also eases the burden on the Chapter 11 Trustee.

10. Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file

Case 3:26-bk-00316   Doc 6   Filed 01/26/26   Entered 01/26/26 18:42:22   Desc Main
Document     Page 3 of 6

the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court relating to the Debtors' estates.

11. Joint administration in no way combines the separate estates for purposes of distribution, but instead is an administrative convenience that aids the Court, the parties, and the Chapter 11 Trustee by keeping both estates on the same deadlines and court hearings. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 cases since the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| IN RE: | ) | |
|---|---|---|
| | ) | CASE NO. 3:26-BK-00316 |
| PALADIN CAPTIAL, INC., ET AL. | ) | CHAPTER 11 |
| | ) | JUDGE WALKER |
| DEBTORS. | ) | JOINTLY ADMINISTERED |
| | ) | |

13. The Debtors submit that use of this simplified caption, without reference to their tax identification numbers, will eliminate cumbersome and confusing procedures, and ensure a uniformity of pleading identification.

4

14.     In addition, the Debtors request the Clerk make a docket entry in each of the other related cases that substantially provides as follows:

> An Order has been entered consolidating this case with the case of *In re: Paladin Capital, Inc.* (Case No. 3:26-bk-00316) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.

Specifically, Debtors request the Clerk make such docket entry in the cases related to the other Debtors identified in footnote 1.

15.     It would be far more practical and expedient for the administration of these Chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in these Chapter 11 cases will affect many or all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Chapter 11 cases.

16.     Notice has been given as indicated in the Expedited Motion to Set Emergency Hearing on First Day Motions. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

17.     Therefore, the Debtors respectfully request that the Court enter an Order substantially in the form attached hereto granting the relief requested.

Case 3:26-bk-00316   Doc 6   Filed 01/26/26   Entered 01/26/26 18:42:22   Desc Main
Document     Page 5 of 6

Respectfully submitted:

/s/ Michael G. Abelow
Michael G. Abelow (No. 26710)
Brettson J. Bauer (No. 39289)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4532
mabelow@srvhlaw.com
bbauer@srvhlaw.com
*Proposed Counsel for Debtors*

## CERTIFICATE OF SERVICE

I certify that true and exact copies of the foregoing have been served via the Court's electronic filing system on January 26, 2026 on all filing users accepting electronic service. True and exact copies of the foregoing will be served via first-class U.S. mail, postage-prepaid, to the 30 largest unsecured creditors on a consolidated basis (including the top five for each Debtor), and via email where email addresses are available. Further, a copy will be emailed to Megan Seliber, Esq.; to Truist's counsel (Brian.Smith@hklaw.com and brentmcilwain@hklaw.com); to First Horizon's counsel (jrowland@bakerdonelson.com); to Bank of Montreal's counsel (jsullivan@chapman.com); and to Bank of America's counsel (Laura.Ketcham@millermartin.com).


/s/ Michael G. Abelow

Case 3:26-bk-00316   Doc 6   Filed 01/26/26   Entered 01/26/26 18:42:22   Desc Main
Document   Page 6 of 6