**SO ORDERED.**
**SIGNED 23rd day of March, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Charles M. Walker
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:26-BK-00316 |
| Paladin Capital, Inc., et al., | Chapter 7 |
| Debtor. | Judge Walker |
| | (Jointly Administered)[1] |

## STIPULATION AND AGREED ORDER GRANTING
## TRUIST BANK RELIEF FROM THE AUTOMATIC STAY

Truist Bank ("Truist") and Jeanne Ann Burton, the Chapter 7 Trustee appointed in these cases (in such capacity, the "Trustee"), each appearing through their undersigned counsel, have agreed to terms upon which Truist will receive relief from the automatic stay to exercise remedies with respect to, and liquidate, certain collateral securing the Debtors' outstanding obligations to Truist. In furtherance of the stay relief that the Trustee has agreed to provide to Truist, the Trustee and Truist each respectfully state as follows:

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are set forth in the Declaration of Brian Hall, ECF No. 4.

**Stipulated Facts and Background**

A.　On January 26, 2026 (the "Petition Date"), the above-captioned debtors (each a "Debtor" and collectively, the "Debtors") each filed voluntary chapter 11 bankruptcy petitions. On February 18, 2026 (the "Conversion Date"), the Court entered an order converting each of the Debtors' bankruptcy cases to chapter 7 proceedings.

B.　Prior to the Petition Date, each of the Debtors (other than CCL Permitting, LLC, Wildhorse Fleet Services, LLC, QW Leasing, RC Enterprises, LLC, and Nacarato Truck Leasing WE#2, Inc.) and Truist entered into a credit agreement, dated on or about December 20, 2020 (such agreement, as amended, the "Credit Agreement") and entered into other agreements related to the Credit Agreement (such agreements, collectively with the Credit Agreement, the "Loan Documents" and each a "Loan Document"). Each of the Debtors party to the Loan Documents shall be referred to herein as the "Borrower Debtors". Through the Loan Documents, Truist provided a secured revolving credit facility to the Borrower Debtors.

C.　Truist submits that, as of the Petition Date, the Borrower Debtors had outstanding obligations to Truist in respect of the Loan Documents in an amount in excess of $14,646,857 arising in respect of the Loan Documents (such obligations, the "Truist Obligations"). Truist reserves all rights to incorporate postpetition interest and other amounts allowable under 11 U.S.C. 506 to the extent it is determined that the value of Truist's outstanding collateral exceeds the amount of its claim, and the Trustee reserves all rights with respect to Truist's allowable claim. Truist submits that the Borrower Debtors' outstanding obligations to Truist are secured by liens (the "Truist Liens") upon substantially all the Borrower Debtors' assets, including, without limitation, the Borrower Debtors' accounts receivable, equipment, and rolling stock (the "Truist

<u>Collateral</u>"). The Trustee reserves all rights with respect to the amount of the Truist Obligations, the validity and extent of the Truist Liens, and the Truist Collateral.

D.      Because of adverse tax consequences to the Debtors' estates, or because it is otherwise not economical for the Trustee to liquidate such assets, the Trustee submits that it is in the best interests of the Debtors' estates that Truist be granted relief from the automatic stay in order to exercise remedies against and liquidate the following collateral types, with the net proceeds of any such sales and liquidations being applied to reduce the outstanding balance of obligations owed to Truist in respect of the Loan Documents (each of the collateral types listed below, the "<u>Truist Lift Stay Collateral</u>"):

a.   Any accounts or other payment intangibles (as such terms are defined in the Uniform Commercial Code) of any of the Borrower Debtors;

b.   Any goods, inventory, or equipment (as such terms are defined in the Uniform Commercial Code) of the Borrower Debtors, including all vehicles, rolling stock, and parts inventory upon which Truist maintained a validly perfected lien as of the Petition Date;

c.   Any other personal property of the Borrower Debtors located at their corporate office;

d.   Any cash of the Borrower Debtors maintained in Truist bank accounts.

**<u>Agreed Order</u>**

Upon the negotiations of Truist and the Trustee culminating in the submission of this stipulation and agreed Order; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of this stipulation and agreed Order was sufficient under the circumstances and that no other or further notice need be provided, and (iv) the Trustee and Truist have agreed to the terms set forth in this Order and consented to its entry; and the Court having determined that the relief set forth in this stipulation and agreed Order is in the best

interests of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT

1.   Cause exists pursuant to section 362(d)(1) to grant Truist relief from the automatic stay in order to exercise any and all rights available to Truist under the Loan Documents in respect of the Truist Lift Stay Collateral. Truist is granted relief from the automatic stay, consistent with the other terms set forth below, effective as of the date of this Order, to exercise remedies against, liquidate, and sell any of the Truist Lift Stay Collateral. Truist may apply any net proceeds received from the sale or collection of any Truist Lift Stay Collateral to reduce the outstanding balance of obligations owed under the Loan Documents.

2.   Truist is authorized to engage any consultants, marketing firms, liquidation agents, and other professionals or representatives that it believes are necessary or desirable to facilitate the sale and/or liquidation of any Truist Lift Stay Collateral. Truist shall be responsible for all fees associated with any professionals or representatives employed by Truist.

3.   Within five days of the entry of this Order, Truist is authorized to sweep any funds within the Borrower Debtors' bank accounts at Truist, which funds may be applied by Truist to reduce the outstanding obligations under the Loan Documents. After five days, the Trustee shall close all Debtor bank accounts at Truist.

4.   In monetizing any accounts receivable or payment intangibles, Truist may offer any discounts or settlements that it believes are necessary or appropriate to facilitate the collection of such assets; provided, however, the Truist (or its representatives) shall not settle or compromise any account or payment intangible for less than 90% of its book value without the prior, written consent of the Trustee or the Trustee's counsel.

Case 3:26-bk-00316   Doc 191   Filed 03/24/26   Entered 03/24/26 07:54:40   Desc Main
Document      Page 4 of 8

5. The Trustee shall provide Truist and Truist's representatives with reasonable access to data maintained by the Debtors that would be beneficial to Truist's collection efforts. The responsibility for, and cost of, maintaining and/or accessing that data shall be borne by Truist.

6. Every two (2) weeks, Truist shall provide the Trustee with a periodic, written report detailing the status and results of Truist's efforts to monetize the Truist Lift Stay Collateral.

7. Truist shall provide to the Trustee, in a commercially reasonable format acceptable to Truist and the Trustee, any bank statements relating to the Debtors covering periods within the two (2) year period preceding the Petition Date. On a prospective, monthly basis, Truist will provide the Trustee with copies of all bank statements concerning the Debtors.

8. Within fourteen (14) days of the entry of this Agreed Order, Truist shall provide the Trustee with all promissory notes, amended promissory notes, security agreements, amended security agreements, proof of perfection of the Truist Liens, and any other documents upon which Truist intends to rely to establish the amount of the Truist Obligations or the validity of the Truist Liens (collectively, the "Truist Documents").

9. Subject to the right to of the Trustee to bring a Challenge Action as set forth in Paragraph 10 below, unless a Challenge Action is commenced within ninety (90) days after the date of entry of this Order, upon the ninety-first (91st) day after entry of this Order, the validity, extent, priority, perfection, enforceability and non-avoidability of Truist's liens against the Truist Collateral shall not be subject to challenge by the Trustee, the Debtors, or their estates.

10. Notwithstanding any other provisions of this Final Order, the Trustee shall have until ninety (90) days after entry of this Order (such period, the "Challenge Period"), to

commence an adversary proceeding against Truist for the purpose (collectively, a "Challenge Action") of challenging the validity, extent, priority, perfection, enforceability and non-avoidability the Truist's Liens (as applicable) against the Borrower Debtors. Nothing herein shall be deemed to limit the time within which the Trustee may bring an action:

a. seeking to avoid or challenge (whether pursuant to Chapter 5 of the Bankruptcy Code or otherwise) any transfer made by or on behalf of the Debtors to or for the benefit of Truist;

b. contesting the amount of the Truist asserted pre-petition claims related to the Loan Documents; or

c. seeking damages or equitable relief against Truist arising from or related to business and lending relationships of Truist under the Loan Documents with the Borrower Debtors, including without limitation equitable subordination, recharacterization, and lender liability claims and causes of action.

11. If the Trustee fails to commence a Challenge Action in accordance with the time periods set forth in the preceding paragraph, the Trustee, the Debtors, and their estates shall be, and hereby are, barred forever from commencing a Challenge Action and shall be bound by the waivers and terms set forth in this Order. Any Challenge Action filed shall prohibit application of this paragraph only to the extent of the specific matters set forth in such Challenge Action on the date of filing unless otherwise ordered.

12. Nothing in this Order shall impair the Trustee's ability to monetize any unencumbered estate assets, including, without limitation, any rolling stock, parts, or other equipment that is not subject to a validly perfected lien in favor of Truist.

13. Truist and the Trustee may amend or modify the terms of this stipulation in a subsequent, written agreement between Truist and the Trustee, without further Court order.

14. The stay imposed by Fed. R. Bankr. P. 4001(a)(4) is hereby waived for cause shown, and this Order shall become effective immediately upon entry by this Court.

Case 3:26-bk-00316    Doc 191    Filed 03/24/26    Entered 03/24/26 07:54:40    Desc Main
Document    Page 6 of 8

This Court shall retain jurisdiction with respect to all matters arising from or relating to

the implementation of this Order.

<div style="border: 1px solid black; text-align: center;">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED
AT THE TOP OF THE FIRST PAGE**.

</div>

APPROVED FOR ENTRY BY:


*/s/ Tyler N. Layne*
Tyler N. Layne (BPR No. 033401)
Scott Kunde (BPR No. 040218)
HOLLAND & KNIGHT LLP
511 Union Street, Ste. 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Email:  Tyler.Layne@hklaw.com
          Scott.Kunde@hklaw.com


Brent R. McIlwain (TX Bar No. 24014140)
Brian Smith (TX Bar No. 24066101)
HOLLAND & KNIGHT LLP
1722 Routh Street, Ste. 1500
Dallas, TX 75201
Telephone: (214) 964-9500
Email:  Brent.McIlwain@hklaw.com
          Brian.Smith@hklaw.com

*Counsel to Truist Bank*


and


*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr. (BPR No. 021087)
Justin T. Campbell (BPR No. 031056)
THOMPSON BURTON, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Telephone: (615) 465-6000
Email:  phillip@thompsonburton.com
          justin@thompsonburton.com

*Counsel to the Trustee*