# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:

PALADIN CAPITAL, INC., ET AL.,

DEBTORS.

CASE NO. 3:26-BK-00316
CHAPTER 7
JUDGE CHARLES M. WALKER
JOINTLY ADMINISTERED

## NOTICE AND MOTION FOR EXPEDITED HEARING ON SHORTENED NOTICE ON IPFS CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

IPFS Corporation ("Movant" or "IPFS"), hereby moves the court to shorten the time for notice and schedule a final hearing pursuant to Local Bankruptcy Rule 9075-1 on Movant's Motion for an order granting relief from the automatic stay or, in the alternative, for adequate protection. Movant further request that the Court (i) permit the appearance of its out of state witness and out of state counsel to appear remotely at such hearing and (ii) allow the production of evidence and witness testimony remotely at such hearing.

> **Request for an Order Setting Hearing on Shortened Notice.** The Movant requests the court schedule a hearing within six (6) days from the filing of this Notice and Motion, and suggests a hearing date of: **March 31, 2026, at 1:30 p.m. (CST).**

As the basis for reducing the notice and time normally set for scheduling such a hearing, the Movant asserts as follows:

1. <u>Grounds for Shortening Notice and Setting Hearing</u>. The Movant provides the following reasons for shortening notice and requesting a final hearing; and that such final hearing be set within the time frame suggested in the preceding paragraph.

   a. <u>Facts Supporting the Urgency of Shortening the Hearing Time and Notice.</u>

IPFS is a secured creditor of the Debtors pursuant to those certain Agreements (defined below).

WBD (US) 4897-5872-4506

Pursuant to the Agreements, the Debtors obtained $2,420,382.20 in loans from IPFS to finance and purchase twelve months of commercial insurance coverage for the Debtors' business operations. The Debtors (and the Chapter 7 Trustee post-conversion) defaulted under the Agreements for failure to make payment to IPFS that was due March 1, 2026. The loans are secured by a security interest and assignment of all unearned premiums and related amounts under the insurance policies financed under the Agreements. IPFS is owed no less than $1,387,188.90, exclusive of attorneys' fees that continue to accrue. As of March 1, 2026 (the date of the missed installment payment), the value of IPFS's collateral—the aggregate unearned premium for the Insurance Coverage on a *pro rata* basis—was estimated to be $1,659,409.95. That amount will dissipate to $1,418,710.95 by April 1, 2026. Each day the collateral diminishes as the insurers earn the premium by providing coverage for that day. In this case, each day the value of the collateral diminishes by $7,758.24 ($2,831,757.60, the total refundable premiums, divided by 365). Based on this diminution rate, IPFS's claim will be rendered undersecured by April 6, 2026 at the latest. IPFS has requested adequate protection from the Trustee, however, adequate protection has not been provided or even offered.

   b. <u>Argument in Support of Shortening Notice and Reduction of Time for Court to Act</u>.

For cause or to prevent irreparable injury, loss, or damage, relief from the automatic stay on shortened notice may be granted by the Court. *See* Bankruptcy Rules 4001, 9006(c)(1) and Local Rule 2081-2(k). *See In re Bailey*, 574 B.R. 15, 18 (Bankr. D. Me. 2017) ("Relief from stay motions . . . are expedited proceedings designed in part to ensure that secured creditors do not lose the value of their security interests because of the operation of the stay . . ..."); *In re Liona Corp., N.V.*, 68 B.R. 761 (Bankr. E.D. Penn. 1987) (granting secured creditor's request for expedited consideration of its motion for relief from stay and granting the relief from stay where secured creditor's equity cushion was rapidly diminishing).

WBD (US) 4897-5872-4506

Case 3:26-bk-00316 Doc 195 Filed 03/25/26 Entered 03/25/26 16:22:03 Desc Main Document Page 2 of 11

c. Movant asserts that such relief is an emergency and requests the Court schedule the final hearing no later than the timeframe requested in this motion.

2. <u>The Nature of Relief Requested and Grounds for Granting Such Relief.</u>

a. Pursuant to 11 U.S.C. §§ 362(d)(1) & (d)(2), Federal Rule of Bankruptcy Procedure 4001 and the Local Rules of this Court, IPFS respectfully moves for the entry of an order terminating the automatic stay to permit IPFS to exercise its rights and remedies pursuant to an insurance premium finance agreement and applicable law, including (i) the cancelation of financed insurance policies effective April 1, 2026, (ii) the collection of all return premiums and related amounts under such policies, and (iii) the application of such return premiums and other amounts returned to IPFS to the obligations owed to IPFS or, in the alternative, for adequate protection of IPFS's interest in its collateral.

## **JURISDICTION**

b. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362.

c. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

d. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## **PARTIES**

e. On January 26, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

f. On January 30, 2026, the Court issued an order consolidating the cases of the above-captioned debtors for procedural purposes only.

g. By Order entered February 18, 2026, this Court converted the Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

h. Jeanne Ann Burton is the appointed chapter 7 Trustee in these cases (the "Trustee").

3

i. IPFS is a secured creditor in these cases pursuant to the terms of those certain Premium Finance Agreements dated September 9, 2025 (the "September Agreement") and October 2, 2025 (the "October Agreement" and collectively with the September Agreement, the "Agreements") entered into by and between IPFS and Debtor Paladin Capital, Inc. ("Paladin") and certain affiliates[1] as borrowers (collectively, the "Affiliates"), and more particularly described in the following paragraphs. Hereinafter, all references to the Debtors shall mean Paladin and Affiliates. IPFS is authorized to do business in the state of Tennessee.

### FACTS

j. On or about September 9, 2025, the Debtors entered into and executed the September Agreement. Under the terms of the September Agreement, the Debtors obtained $2,172,389.62 in loans to enable the Debtors to purchase twelve months of commercial excess liability insurance coverage for business purposes (the "September Coverage"). In consideration for the advance of funds, the Debtors promised to repay the loans plus interest in nine (9) monthly installments of $248,624.59. All installment payments are due on the first (1st) day of each month, commencing with an installment payment on November 1, 2025. A true and correct copy of the September Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

k. On or about October 2, 2025, Paladin entered into and executed the October Agreement. Under the terms of the October Agreement, Paladin obtained $247,992.58 in loans to enable Paladin to purchase twelve months of commercial insurance coverage for business purposes (the "October Coverage" and collectively with the September Coverage, the "Insurance Coverage"). In consideration for the advance of funds, Paladin promised to repay the loans plus interest in nine

---

[1] Paladin's co-borrowers under the September Agreement are all Debtors in this jointly administered case, although they do not comprise all of the Debtors: Quickway Carriers, Inc.; Quickway Transportation, Inc.; Quickway Services, Inc.; Quickway Logistics, Inc.; Capital City Leasing, Inc.; Freight Contracting Services, LLC; Robert Bearden, Inc.; QDS, LLC; QW Leasing, Inc.; Nacarato Truck Leasing, WE#2, Inc.; SNL Distribution Services Corporation; Magnum Express, Inc.; and Magnum Express Warehouse Services, LLC.

4

(9) monthly installments of $28,382.13.  All installment payments are due on the first (1st) day of each month, commencing with an installment payment on November 1, 2025.  A true and correct copy of the October Agreement is attached hereto as **Exhibit B** and incorporated herein by reference.

l.  IPFS accepted the Agreements.  A true and correct copy of the Notice of Acceptance and of Assignment for the Agreements ("Notice of Acceptance") is attached hereto as **Exhibit C** and incorporated herein by reference.  IPFS provided notice to the carriers under the financed policies. Payments under the Agreements were consolidated.

m.  The Debtors are in default under the terms of the Agreements for failing to make the installment payment for March 1, 2026.  A true and correct copy of the Account Transaction History for the Agreements is attached hereto as **Exhibit D** and incorporated herein by reference.

### IPFS's Security, Collateral Values, and Claims

n.  Repayment of IPFS's loans under the Agreements are secured by a security interest and assignment of all unearned premiums and related amounts under the Insurance Coverage (the "Collateral"), coupled with a limited power of attorney to cancel the Insurance Coverage upon a default.  *See* Exh. A & B, ¶¶ 1–2.  The laws of the State of Tennessee govern the Agreements.  *See id*., ¶ 19.  No filing of a financing statement is required to perfect IPFS's security interest in the Collateral.  *See* Tenn. Code Ann. § 56-37-112 ("No filing or other recordation of the premium finance agreement or financing statement shall be necessary to perfect the validity of the agreement as a valid assignment and secured transaction as against creditors, subsequent purchasers, pledgees, encumbrancers, trustees in bankruptcy or any other insolvency proceeding under any law, or anyone having the status or power of the aforementioned or their successors or assigns.").  "Perfection of the security interest [occurs] upon execution of the written premium financing agreement and payment of the insurance premium." *American Bank, FSB v. Cornerstone Comm. Bank*, 733 F.3d 609, 613

<div align="center">5</div>

(6th Cir. 2013).

o. Pursuant to Tennessee law, the Agreements may provide for payment of collection costs, including "attorneys' fees equal to fifteen percent (15%) of the outstanding indebtedness and any other charges that arose." Tenn. Code Ann. 56-37-109(3). Here, the Agreements provide that Debtors will pay attorneys' fees and other collection costs to IPFS to the extent permitted by law. *See* Exh. A & B, ¶ 13.

p. The Debtors are in default under the Agreements for failing to pay under the terms of the Agreements as and when due, having failed to make the March 1, 2026, payment under the Agreements.

q. IPFS is owed no less than $1,387,188.90 exclusive of attorneys' fees. As of March 1, 2026 (the date of the missed installment payment), the value of IPFS's Collateral under the Agreement, which represents the aggregate unearned premium for the Insurance Coverage on a *pro rata* basis, is estimated to be $1,659,409.95[2] and continues to rapidly decline. The value of IPFS's Collateral under the Agreement declines at the approximate rate of $7,758.24 per day,[3] because each day a portion of the financed premium is earned by the insurance carrier for providing coverage.

## **REQUEST FOR RELIEF**

r. Cause exists pursuant to 11 U.S.C. §362(d)(1) to grant IPFS relief from the automatic stay. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the stay "for cause, including adequate protection of an interest in property" of the movant. 11 U.S.C. §

---

[2] The total refundable premium under the Insurance Policies was $2,831,757.60 (after the return of limited premiums prepetition). The effective date of the Insurance Policies was October 1, 2025. *See* Exh. A & B. The Insurance Policies are twelve-month policies. March 1, 2026, is 151 days after the effective date of the Insurance Policies, and premiums were earned during that period by the carriers providing the Insurance Coverage. As of that date, 214 days of premium were "unearned" under the Insurance Policies. 214 divided by 365 (twelve months) is .586 or 58.6%. 58.6% of $2,831,757.60 is $1,659,409.95.

[3] The total refundable premium under the Insurance Policies ($2,831,757.60) divided by 365 days equals $7,758.24 per day.

362(d)(1).  Where adequate protection is lacking, the court "shall" grant relief from the automatic stay.  *See* 11 U.S.C. § 362(d).  The movant "bears the burden of establishing a prima facie case of cause, at which point the burden of proof shifts to the debtor to demonstrate adequate protection"; "nonpayment combined with a lack of equity will result in sufficient cause."  *In re Phoenix Pipe & Tube, L.P.*, 154 B.R. 197, 198 (Bankr. E.D. Pa. 1993); 11 U.S.C. § 362(g).

s.  Here, payments to IPFS have not been made.  IPFS's equity cushion has materially decreased and continues to decrease rapidly.  Neither the Debtors nor the Trustee have offered to make adequate protection payments to IPFS for the continued use of IPFS's Collateral and related Insurance Coverage on an ongoing basis.  The continued use causes material diminution in the value of IPFS's Collateral.  An insurance premium finance lender is entitled to either relief from the automatic stay to cancel the financed coverage or, in the alternative, adequate protection payments pursuant to 11 U.S.C. § 363.  *See In re JII Liquidating, Inc.*, 344 B.R. 875, 890 (Bankr. N.D. Ill. 2006) (terminating the automatic stay because the creditor "has not received any adequate protection for its security interest in the unearned premiums"); *In re U.S. Repeating Arms Co.*, 67 B.R. 990, 998 (Bankr. D. Conn. 1986) (finding that premium finance lender was entitled to adequate protection of the value of its security interest); *In re Auto-Train Corp.*, 9 B.R. 159, 167 (Bankr. D.D.C. 1981) (finding that premium insurance lender was entitled to adequate protection from the inception of the bankruptcy case to the expiration of the insurance policies).

t.  Relief from the automatic stay is likewise proper under section 362(d)(2) of the Bankruptcy Code.  While an equity cushion exists as of the date of this Motion, that equity cushion has and will continue to decrease rapidly, further impairing IPFS's interest in the Collateral over time.  The passage of time, without payment to IPFS or relief from stay to cancel the Insurance Coverage, will cause IPFS's claim to become undersecured.

u.  Moreover, the Collateral cannot be necessary to an effective reorganization of the

7

Debtors because these cases are now Chapter 7 cases. Relief from stay under section 362(d)(2) is proper when a secured creditor seeking such relief demonstrates "(1) the amount of its claim; (2) that its claim is secured by a valid, perfected lien in property of the estate; and (3) that the debtor lacks equity in the property." *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001); *see also In re Continental Airlines*, 134 B.R. 536, 542 (Bankr. D. Del. 1991). The burden of proof regarding the necessity of the property for an effective reorganization falls on the non-movant debtor or trustee. 11 U.S.C. § 362(g)(2).

v. Here, IPFS has a valid and enforceable claim secured by the Collateral. The equity in the Collateral continues to dissipate and will soon disappear. The Trustee and the Debtors cannot satisfy their burden of proof that the Insurance Coverage and Collateral are necessary for an effective reorganization. To meet this burden, there must be sufficient proof that "the property is essential for an effective reorganization that is in prospect." *In re Swedeland Devel. Group, Inc.*, 16 F.3d 552, 567 (3d Cir. 1994) (citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988)). Here, the Debtors are now proceeding in a chapter 7 liquidation — the antithesis of reorganization. *See In re Prestwood*, 185 B.R. 358, 361 (Bankr. M.D. Ala. 1995) (where liquidation was sought under chapter 7, bankruptcy court correctly found property not necessary for reorganization); *In re Lyons*, 19 B.R. 66, 67 (Bankr. N.D. Ga. 1982) (a chapter 7 proceeding with a finding of no equity mandates relief from stay). Accordingly, there will be no plan or reorganization in these chapter 7 cases. Therefore, the property cannot be necessary for an effective reorganization.

w. To the extent there is any excess unearned premium returned to IPFS after IPFS is paid in full under the Agreement, such amount will be remitted to the Trustee for distribution to creditors.

WBD (US) 4897-5872-4506

## WAIVER OF BANKRUPTCY RULE 4001(a)(4)

x. Bankruptcy Rule 4001(a)(4) provides in pertinent part that ". . . an order granting a motion for relief from an automatic stay under [Rule 4001(a)] (1) is stayed for 14 days after it is entered." Fed. R. Bankr. P. 4001(a)(4). IPFS requests that the Court waive the stay of any order entered that is imposed by Bankruptcy Rule 4001(a)(4). IPFS submits that cause exists to waive such stay given the nature of the Collateral and its daily diminution in value.

## NO PRIOR REQUESTS

y. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, IPFS Corporation requests that the Court enter an Order:

(1) Modifying and lifting the automatic stay, pursuant to 11 U.S.C. § 362, to allow IPFS to exercise its rights and remedies under the Agreements;

(2) Permitting IPFS to cancel the Insurance Coverage, without further notice with an effective date of cancellation as of April 1, 2026, and permitting IPFS to collect and to apply the unearned premiums under the Insurance Coverage to the outstanding indebtedness due and owing IPFS, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreement and applicable law;

(3) Requiring any insurance company or other entity in possession of the Collateral to turn over the Collateral to IPFS, and requiring the Debtors and the Trustee to cooperate with any audits related thereto;

(4) Permitting IPFS to pay any excess return premium, after payment of the outstanding indebtedness due and owing to IPFS, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreements and applicable law, to the Trustee;

(5) Waiving the stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4); and

9

(6)     Granting such other and further relief as is just and proper in this case.

3.     <u>Proof of Service and Acknowledgement</u>. As indicated in the attached certificate of service, Movant has provided notice of the motion and all attachments to the parties listed on the service list by identifying the parties served, the means of service, and the date of service.

4.     <u>Objection to Timing of Hearing</u>. Notwithstanding any objection period set forth in the Order Setting Hearing on Shortened Notice, any party-in-interest may object to the adequacy of the notice provided. Based on the foregoing, the Movant requests the court grant the relief sought in the motion; and for such other relief as the court deems proper and necessary.

Dated this 25th day of March, 2026                 **WOMBLE BOND DICKINSON (US) LLP**

<div style="margin-left:45%">

*/s/ David G. Thompson*
David G. Thompson (Bar No. 20309)
1222 Demonbreun Street, Suite 201
Nashville, TN 37203
Telephone: (629) 312-1843
Email: david.thompson@wbd-us.com

-AND-

Joel L. Perrell, Jr., Esq. (*pro hac vice* forthcoming)
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5854
E-mail:  joel.perrell@wbd-us.com

*Counsel to IPFS Corporation*

</div>

WBD (US) 4897-5872-4506

<div align="center">**CERTIFICATE OF SERVICE**</div>

I certify that on March 25, 2026, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) was mailed via U.S. Mail, postage prepaid, and overnight mail, next day delivery, to the person(s) listed below:

Paladin Capital, Inc. et al.
c/o Brian Hall, CEO
5200 Maryland Way
Brentwood, TN 37027-8034

Michael G. Abelow
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue
Suite 1750
Nashville, TN 37203

Megan Reed Seliber
U.S. Trustee's Office
701 Broadway, Suite 318
Nashville, TN 37203

Jeanne Ann Burton, Chapter 7 Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk
Suite 103-116
Nashville, TN 37215

Justin Timothy Campbell
Thompson Burton PLLV
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067

<div align="right">*David G. Thompson*          
David G. Thompson</div>

<div align="center">11</div>

WBD (US) 4897-5872-4506