**SO ORDERED.**
**SIGNED 26th day of March, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Charles M. Walker**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>Paladin Capital, Inc., et al.,<br><br>Debtor. | Case No. 3:26-BK-00316<br><br>Chapter 7<br><br>Judge Walker<br><br>(Jointly Administered)[1] |

## STIPULATION AND AGREED ORDER GRANTING BANC OF AMERICA LEASING & CAPITAL, LLC RELIEF FROM THE AUTOMATIC STAY

Banc of America Leasing & Capital, LLC ("Movant") and Jeanne Ann Burton, the Chapter 7 Trustee appointed in these cases (in such capacity, the "Trustee"), each appearing through their undersigned counsel, have agreed to terms upon which Movant will receive relief from the

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are set forth in the Declaration of Brian Hall, ECF No. 4.

automatic stay to exercise remedies with respect to, and liquidate, certain equipment that is subject to rights of the Movant.  In furtherance of the stay relief that the Trustee has agreed to provide to Movant, the Trustee and Movant each respectfully state as follows:

**Stipulated Facts and Background**

A. On January 26, 2026 (the "Petition Date"), the above-captioned debtors (each a "Debtor" and collectively, the "Debtors") each filed voluntary chapter 11 bankruptcy petitions. On February 18, 2026 (the "Conversion Date"), the Court entered an order converting each of the Debtors' bankruptcy cases to chapter 7 proceedings.

B. Prior to the Petition Date, one or more of the Debtors and Movant entered into a lease agreement, dated on or about April 9, 2009 (such agreement, as amended, the "Agreement") to allow Debtors to lease certain equipment as defined in corresponding schedules (such schedules, collectively with the Agreement, the "Documents").  Through the Documents, Movant provided 347 tractors and trailers to the Debtors that remained leased as of the Petition Date.

C. Movant submits that, as of the Petition Date, the Debtors had outstanding obligations to Movant in respect of the Documents in an amount in excess of $3,074,281.79 arising in respect of the Documents (such obligations, the "Obligations").  Movant submits that the 347 tractors and trailers leased to the Debtors, more particularly described and identified in Exhibit B to Movant's Motion, is property of or subject to claims of Movant (the "Leased Equipment").  The Trustee reserves all rights with respect to the amount of the Obligations and Movant's ownership claim of the Leased Equipment.

D. Because of adverse tax consequences to the Debtors' estates, or because it is otherwise not economical for the Trustee to administer such assets, the Trustee submits that it is in the best interests of the Debtors' estates that Movant be granted relief from the automatic stay

in order to exercise remedies against and liquidate the Leased Equipment, with the net proceeds of any such sales and liquidations being applied to reduce the outstanding balance of obligations owed to Movant in respect of the Documents or used by Movant in furtherance of liquidation efforts.

**Agreed Order**

Upon the negotiations of Movant and the Trustee culminating in the submission of this stipulation and agreed Order; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of this stipulation and agreed Order was sufficient under the circumstances and that no other or further notice need be provided, and (iv) the Trustee and Movant have agreed to the terms set forth in this Order and consented to its entry; and the Court having determined that the relief set forth in this stipulation and agreed Order is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT

1. Cause exists pursuant to section 362(d)(1) in order to grant Movant relief from the automatic stay in order to exercise any and all rights available to Movant under the Documents in respect of the Leased Equipment. Movant is granted relief from the automatic stay, consistent with the other terms set forth below, effective as of the date of this Order, to exercise remedies against, liquidate, and sell any of the Leased Equipment. Movant may apply any net proceeds received from the sale or collection of any Leased Equipment to reduce the outstanding balance of obligations owed under the Documents or alternately, use such proceeds in furtherance of its efforts to liquidate and monetize the Leased Equipment.

2.	Movant is authorized to engage any consultants, marketing firms, liquidation agents, and other professionals or representatives that it believes are necessary or desirable to facilitate the sale and/or liquidation of any Leased Equipment. Movant and/or any of Movant's designees have the authority to access and move any Leased Equipment. Movant shall be responsible for all fees associated with any professionals or representatives employed by Movant.

3.	The Trustee shall provide Movant and Movant's representatives with reasonable access to data maintained by the Debtors that would be beneficial to Movant's collection efforts. The estate will not be maintaining Debtors' software systems. Should Movant desire access to those systems, Movant shall contract with that relevant party directly.

4.	Within fourteen (14) days of the entry of this Agreed Order, Movant shall provide the Trustee with all certificates of title for the Leased Equipment.

5.	Subject to the right of the Trustee to bring a Challenge Action as set forth below, unless a Challenge Action is commenced within ninety (90) days after the date of entry of this Order, upon the ninety-first (91st) day after entry of this Order, the validity, extent, priority, perfection, enforceability and non-avoidability of Movant's rights against the Leased Equipment shall not be subject to challenge by the Trustee, the Debtors, or their estates.

6.	Notwithstanding any other provisions of this Final Order, the Trustee shall have until ninety (90) days after entry of this Order (such period, the "Challenge Period"), to commence an adversary proceeding against Movant for the purpose (collectively, a "Challenge Action") of:

   a.	challenging the validity, extent, priority, perfection, enforceability and non-avoidability of liens (as applicable) against the Debtors; or

   b.	challenging the Movant's ownership interest in the Leased Equipment (including whether the Movant's Lease is a "true lease" or rather a disguised security agreement).

Nothing herein shall be deemed to limit the time within which the Trustee may bring an action:

a. seeking to avoid or challenge (whether pursuant to Chapter 5 of the Bankruptcy Code or otherwise) any transfer made by or on behalf of the Debtors to or for the benefit of Movant;

b. contesting the amount of the Movant asserted claims; or

c. seeking damages or equitable relief against Movant arising from or related to business and lending relationships of Movant with the Debtors, including without limitation equitable subordination, recharacterization, and lender liability claims and causes of action.

7. If the Trustee fails to commence a Challenge Action in accordance with the time periods set forth in the preceding paragraph, the Trustee, the Debtors, and their estates shall be, and hereby are, barred forever from commencing a Challenge Action and shall be bound by the waivers and terms set forth in this Order. Any Challenge Action filed shall prohibit application of this paragraph only to the extent of the specific matters set forth in such Challenge Action on the date of filing unless otherwise ordered.

8. Nothing in this Order shall impair the Trustee's ability to monetize any unencumbered estate assets, including, without limitation, any rolling stock, parts, or other equipment that is not subject to a validly perfected lien or other interest in favor of Movant.

9. Movant and the Trustee may amend or modify the terms of this stipulation in a subsequent, written agreement between Movant and the Trustee, without further Court order.

10. The stay imposed by Fed. R. Bankr. P. 4001(a)(4) is hereby waived for cause shown, and this Order shall become effective immediately upon entry by this Court.

11. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted By:


/s/ *Laura F. Ketcham*
Laura F. Ketcham (TN BPR No. 24543)
Miller & Martin PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402
Tel: 423.756.6600
laura.ketcham@millermartin.com


*Counsel to Movant*


AND

/s/ *Justin T. Campbell*
Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com
justin@thompsonburton.com


*Counsel to the Trustee*